U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*United States Bankruptcy Judge*

**Signed February 22, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| R.L. ADKINS CORP., | § | CASE NO. 11-10241-rlj-11 |
| | § | |
| DEBTOR. | § | |

**MEMORANDUM OPINION**

On February 19, 2013, hearing was held as noticed on the *First Amended Disclosure Statement to Accompany First Amended Plan of Reorganization* (the "Disclosure Statement") [Docket No. 592], which was filed by Scott Oils, Inc., the plan proponent. According to the Disclosure Statement, Scott Oils, Inc. is a creditor and party in interest. Objections to the Disclosure Statement were filed by Harvey L. Morton, chapter 11 trustee of this bankruptcy estate; Chestnut Petroleum, Inc. and Chestnut Exploration, Inc., creditors of the debtor; Badger Rotary Drilling, LLC, which the Court assumes is an asserted creditor; Robert L. "Bobby" Adkins, Jr. a/k/a Bobby Adkins Special, Adobe Royalties, LLC, 413 Entertainment LLC, and Dynamic Net Media, LLC, creditors and parties-in-interest (the "Adkins Group"); George W. Teeter and Geraldine R. Teeter, parties in interest; and the Official Unsecured Creditors

Committee (the "Committee"). It was announced at the hearing that the objections of George and Geraldine Teeter were resolved.

For the most part, the objecting parties defer to the position taken by counsel for the Committee. The Committee submits that approval of the Disclosure Statement should be denied because it describes a plan that is patently not feasible and contains a compromise of the disputes between the Trustee (for the bankruptcy estate) and the so-called "Ardinger Group" that falls well below the range of reasonableness. The Committee submits that the assets in the estate and the ability to convert such assets to cash create severe logistical problems in funding the plan as contemplated; that certain contingencies under the plan cannot be satisfied; and that, in particular, the administrative claims are disclosed to be in the approximate amount of $2.8 million, which amount is dated and will at present exceed $3 million.

The Court has reviewed the Disclosure Statement, as well as the *First Amended Disclosure Statement to Accompany First Amended Plan of Reorganization, as Modified* (the "Modified Disclosure Statement"), which was submitted to the Court and introduced into evidence by Scott Oils, Inc. at the hearing. There are significant and substantive differences between the two plans as described in the Disclosure Statement and the Modified Disclosure Statement, respectively. The Disclosure Statement addresses a plan in which the Ardinger Group pays $1.4 million for a release of all claims, and Scott Oils, Inc. pays $1 million for the debtor's leasehold interests. The Modified Disclosure Statement, which concerns the plan as modified, contemplates a payment by the Ardinger Group of $2,150,000 for a release of claims, along with a withdrawal of the Ardinger Group's unsecured claim of $35 million and secured claim of $6 million, and Scott Oils, Inc.'s acquisition of the debtor's leasehold interests for the sum of

$2,187,544.73. No parties objected to the Court's consideration of the Modified Disclosure Statement.

The Court notes that counsel for the Committee and counsel for Scott Oils, Inc. announced to the Court that they agreed that a position paper could be prepared by counsel for the Committee and included with any disclosure statement approved by the Court and sent to creditors for purposes of voting on the plan of Scott Oils, Inc. They further agreed that partially secured creditors would have an extension for ten days from approval of any disclosure statement to make an election under § 1111(b) of the Bankruptcy Code.

The Court has reviewed the Disclosure Statement and the Modified Disclosure Statement and is of the opinion that the Modified Disclosure Statement, with a position paper from the Committee included, does contain adequate information—"information of a kind, and in sufficient detail, as far as is reasonably practicable" to enable creditors to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1). The Modified Disclosure Statement describes a plan that, at least on its face, generates sufficient revenues to make the distributions provided for. The Disclosure Statement is not proposed in bad faith as suggested by the Adkins Group. The issues raised concerning feasibility, the reasonableness of the compromise, and whether the plan has been submitted in good faith—as well as the other objections—are confirmation issues to be addressed at the confirmation hearing. The Court approves the Modified Disclosure Statement, as well as the agreement announced concerning the submission of a position statement by the Committee and the extension of the deadline for the § 1111(b) election by partially secured creditors.

The Court directs counsel for Scott Oils, Inc. to submit an order approving the Modified Disclosure Statement with the required notices for objections and balloting on the plan.

The Court reserves the right to make additional findings and conclusions, if necessary.

### End of Memorandum Opinion ###