Phil Snow
State Bar No. 18812600
philsnow@snowspencelaw.com
Kenneth Green
State Bar No. 24036677
kgreen@snowspencelaw.com
SNOW SPENCE GREEN LLP
2929 Allen Parkway, Suite 4100
Houston, TX  77019
Telephone: (713) 335-4800
Facsimile:  (713) 335-4848
COUNSEL FOR THE OFFICIAL UNSECURED
CREDITORS' COMMITTEE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-10241 |
| | § | |
| R. L. ADKINS CORP., | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |

### OFFICIAL UNSECURED CREDITORS' COMMITTEE'S EMERGENCY MOTION TO EXCLUDE OR LIMIT TESTIMONY OF SCOTT OILS, INC.'S EXPERT WITNESS GEORGE TARPLEY AND BRIEF IN SUPPORT
[Relates to Docket No. 686
(Scott Oils, Inc.'s Designation of Witnesses for Confirmation Hearing)]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Official Unsecured Creditors' Committee (the "Committee")[1] files this Emergency Motion to Exclude or Limit Testimony of Scott Oils, Inc.'s ("Scott Oils") Expert Witness George Tarpley (the "Motion") pursuant to Federal Rules of Evidence 104(a), 702, and 704.  The Committee requests that the Court hear the Motion prior to Mr. Tarpley being permitted to testify at the Confirmation Hearing.

---

[1] The Committee was appointed on August 23, 2011, and, as amended is comprised of the following members: Christopher J. Ryan, Baker Hughes Oilfield Operations, Inc., Mark Rothberg, Stallion Oilfield Services, Ltd., Wayne Kelley, Gray Wireline Services, Inc., Robert Thilsted, Key Energy Services, LLC, and Charles Westbrook.

## I.
## Summary of Motion

1. <u>Statement Regarding Relief Requested</u>. The Committee seeks to exclude or limit the testimony of George Tarpley, Scott Oils' expert witness, regarding his opinions on the merits of the estate's claims against the Ardinger Group on the basis that expert testimony is not permitted where the testimony consists of legal conclusions.

2. <u>Legal Basis for Relief Requested</u>. The Federal Rules of Evidence and established Fifth Circuit law prohibit expert witnesses from rendering legal opinions. *See Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194, 198 (5th Cir. 1996) ("this rule [704] does not allow an expert to render conclusions of law"); *Askanase v. Fatjo*, 130 F.3d 657, 672-73 (5th Cir. 1997) ("There [is] only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge."); *Marx & Co., Inc. The Diners' Club, Inc*., 550 F.2d 505, 509-510 (2d Cir. 1976) ("It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") *U.S. v. Perkins*, 470 F.3d 150, 157-58 (4th Cir. 2006) ("the best way to determine whether opinion testimony is unhelpful because it merely states legal conclusions, is to determine whether the terms used by the witness has a separate, distinct and specialized meaning in the law").

3. Scott Oils designated Mr. Tarpley, an attorney with the law firm of Cox Smith Matthews Incorporated, as an expert to provide testimony regarding certain factors which inform the Court's analysis of the proposed settlement with the Ardinger Group, which is a primary component of Scott Oils' Plan. More specifically, the Committee expects Scott Oils to elicit Mr. Tarpley's opinions on (i) the merits of the claims against the Ardinger Group held by the estate and defenses to those claims; (ii) the time and expense involved in the litigation; and (iii) the complexity of the litigation.

4. The Parties generally agree on the standard by which this Court should judge the reasonableness of the proposed Ardinger Group settlement as set forth in the 5th Circuit's opinions in *Cadle Co. v. Mims*, 608 F.3d 253, 263 (5th Cir. 2010); *Am. Can Co. v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 605, 608 (5th Cir. 1980); *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortgage Corp.*), 68 F.3d 914 (5th Cir. 1995) and related cases[2]. The Committee and Mr. Tarpley also agree that whether a settlement is "fair and equitable" is the ultimate conclusion that the Court has to reach. However, Scott Oils and Mr. Tarpley believe that it is proper for an attorney to render an after-the-fact opinion (after the subject settlement has been agreed to by the Parties) on certain factors which inform the Court's "fair and equitable" analysis. The Committee disagrees.

## II.
## Evidence

5. The Committee attaches the following evidence in support of its motion:

- **Exhibit 1**: a document produced at Mr. Tarpley's deposition on April 1, 2013 reflecting documents reviewed by Mr. Tarpley, which he relied upon in forming his opinions in this case and Mr. Tarpley's CV.

- **Exhibit 2**: the Transcript of the Oral Deposition of Mr. Tarpley.

## III.
## Background

6. On July 1, 2011, an involuntary petition was filed against the Debtor pursuant to Chapter 7 of the United States Bankruptcy Code (Docket No. 1).

---

[2] As set forth in *Cadle Co.*, "[f]ive factors inform the 'fair and equitable' analysis: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise."

608 F.3d at 263 citing *Foster Mort.*, 68 F.3d at 917-18.

7. On August 11, 2011, an order for relief and converting the case to a case under Chapter 11 of the United States Bankruptcy Code was entered (Docket No. 45).

8. On August 23, 2011, the Unites States Trustee appointed the Committee to represent the interests of unsecured creditors in this bankruptcy case pursuant to Section 1102(a)(1) of the Bankruptcy Code (Docket No. 65).

9. On October 7, 2011, the Bankruptcy Court entered an order directing the United States Trustee to appoint a Chapter 11 Trustee (Docket. No. 199), and on October 11, 2011, the United States Trustee appointed the Trustee in this case (Docket No. 203).

10. On February 18, 2013, Scott Oils proposed a Second Amended Plan of Reorganization for R. L. Adkins Corp. (Docket No. 638). On February 21, 2013, Scott Oils filed a Notice of Modification to the Second Amended Plan of Reorganization (Docket No. 645). On April 3, 2013, Scott Oils filed its Notice of Second Modifications to Second Amended Plan of Reorganization (Docket No. 738).

11. On March 19, 2013, Scott Oils filed its witness list for the confirmation hearing on Scott's Oils, Inc.'s Plan of Reorganization (as Amended), which designated George Tarpley as an expert witness (Docket No. 686).

### IV.
### Legal Authority

12. Federal Rules of Evidence 702 and 704 guide federal courts in their gatekeeping analysis regarding the admissibility of expert testimony. *See Khumo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (the trial court must act as the gatekeeper for all types of expert testimony); *see also* Fed. R. Evid. 702 (setting forth standards for (i) expert qualifications and (ii) the relevance and reliability of expert opinions); Fed. R. Evid. 704 (allowing certain opinions on ultimate issues). Importantly Rule 702 only authorizes experts to render opinions that "will help

the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid 702(a); s*ee United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) ("the most common reason for excluding opinion testimony that gives legal conclusion is lack of helpfulness"). And while Rule 704 permits experts to opine as to certain "ultimate issues," the Rule does not allow experts to render conclusions of law. *See Snap-Drape, Inc. v. Commissioner*, 98 F.3d at 198 ("this rule [704] does not allow an expert to render conclusions of law"); *Owen v. Kerr-McGee Corp.*, 698 F.2d at 240 (Expert testimony that would tell the fact finder what result to reach is not permitted.).

13. Our legal system reserves to the trial judge the role of deciding the law for the benefit of the fact finder. The court cannot allow expert testimony that invades the province of the court or renders opinions on issues of law. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) "There is only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo*, 130 F.3d at 672-73 citing *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988). Allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence usurps the role of the court and thus is irrelevant. *Owen v. Kerr-McGee Corp.*, 698 F.2d at 240.

## V.
### Objections to Expert's Testimony

14. Scott Oil's designated expert, George Tarpley, intends to testify regarding the merits of the estate's claims against the Ardinger Group, and the Committee objects as such testimony constitutes impermissible legal conclusions as to which an expert may not testify. Regarding any testimony on merits of the estate's fraudulent transfer claim, the Committee specifically objects to Mr. Tarpley opining as to:

- Whether reasonably equivalent value was given and the legal analysis of what reasonably equivalent value means [Ex. 2 pp. 36:15-23; 37:12-18; 38:19-22; 52:1-4; 89:5-8].

- What are considered relevant matters in a fraudulent transfer analysis [Ex. 2 p. 42:20-22].

- Whether or not the transfers were made from property of the estate, including what Bankruptcy Code sections would apply in this determination [Ex. 2 pp. 66:13-14; 67:1-11].

- Whether the estate has a valid fraudulent transfer claim and the supposed value of such claim [Ex. 2 pp. 35:15-38:21; 40:3-10].

Regarding the estate's preference claim, based on the testimony given in Mr. Tarpley's deposition, the Committee specifically objects to Mr. Tarpley opining as to:

- Whether or not a resulting trust arose and the effect this would have on the estate's preference claim [Ex. 2 pp. 70:13-71:24; 74:16-75:8].

- What certain factors contribute to the determination of whether one is "an insider within the meaning of the Bankruptcy Code" [Ex. 2 p. 81:17-24].

- Whether there was a beneficial interest and its legal effect on the claim based on his analysis of section 547 of the Bankruptcy Code [Ex. 2 pp. 66:19-67:11; 70:13-20].

Regarding the claims on the joint interest billings ("JIB claim"), the Committee objects to Mr. Tarpley opining regarding the merits of such claim, including:

- Whether Adkins had legal title to the wells and what legal effect that would have on the billings [Ex. 2 p. 95:17-24].

- Whether the JIB claim is subject to specific offsets [Ex. 2. Pp. 93:22-94:7]. This is a legal conclusion as to what is considered an offset. Alternatively, Mr. Tarpley is not an accountant and is not qualified to render an expert opinion as to the accounting issues. *See* Fed R. Evid. 702.[3]

15. The testimony of George Tarpley set forth above would be in the form of legal conclusions, including the determination of whether the estate can meet certain elements of the claims, potential hurdles the estate might encounter in pursuing its claims, and whether the estate will be successful on the merits of the claims. These legal opinions are not permitted under the Federal Rules of Evidence since it invades the province of the court, and as such, is not helpful and is irrelevant.

## VI.
## Conclusion

16. The Committee seeks to exclude the expert testimony of George Tarpley as his testimony would violate the Federal Rules of Evidence. In the alternative, the Committee seeks to exclude certain testimony of George Tarpley at the trial in this matter to the extent Mr. Tarpley's opinions constitute legal opinions regarding the reasonableness of the Ardinger Group settlement.

---

[3] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto . . .*" (emphasis added).

Dated: April 4, 2013            Respectfully submitted,

                                               SNOW SPENCE GREEN LLP

                                               */s/ Kenneth Green*
                                               Phil F. Snow
                                               State Bar No. 18812600
                                               Kenneth Green
                                               State Bar No. 24036677
                                               America Tower
                                               2929 Allen Parkway, Suite 4100
                                               Houston, Texas 77019-7101
                                               Telephone: (713) 335-4800
                                               Facsimile: (713) 335-4848
                                       COUNSEL FOR THE OFFICIAL UNSECURED CREDITORS' COMMITTEE

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the above and foregoing was served on April 4, 2013, upon all parties via the court's electronic case filing system (ECF).

                                                 */s/ Kenneth Green*
                                                 Kenneth Green